United States District Court
for the
Southern District of Florida

| Angela Klahr, Plaintiff, | ) |
| --- | --- |
| | ) |
| v. | ) |
| | ) |
| Toyota Motor Corporation (Japan), | ) Civil Action No. 16-24754-Civ-Scola |
| Toyota Motor North America, Inc., | ) |
| and South Dade Dealership, LLC, | ) |
| Defendants. | ) |

## **Order Granting Motion to Remand**

Plaintiff Angela Klahr seeks to recover damages from Defendants Toyota Motor Corporation (Japan), Toyota Motor North America, Inc., and South Dade Dealership, LLC for serious injuries she suffered when her Toyota 4Runner rolled over on the highway. Klahr filed her initial complaint in state court, in Miami-Dade County, Florida, on July 28, 2016. The two Toyota Motor defendants filed their notice of removal in this Court on November 14, 2016, contending that the Dealership had been fraudulently joined. Klahr now asks the Court to remand her case back to the state court. (Pl.'s Mot. to Remand, **ECF No. 9**.) For the reasons that follow, the Court **grants** Klahr's motion.

A state-court action may be removed to federal court when the federal court has diversity jurisdiction. *See* 28 U.S.C. § 1441(a). For diversity jurisdiction to exist the parties must be diverse—meaning that the dispute must be between citizens of different states. 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires "complete diversity of citizenship" meaning no one on either side can be citizens of the same state. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990). However, "[w]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). Here, the Toyota Motor Defendants allege in their notice of removal that Klahr, herself a Florida citizen, named Florida citizen South Dade Dealership as a defendant solely to defeat federal-diversity jurisdiction.

Ordinarily, a notice of removal must be filed within thirty days after service of the initial pleading in a case. 28 U.S.C. § 1446(b)(1). On the other hand, "if the case stated by the initial pleading is *not removable*, a notice of removal may be filed within 30 days after receipt by the defendant . . . of an

amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added). The statutory framework thus provides for a two-pronged analysis for removal: first, if the case stated by the initial pleading is removable, then the notice of removal must be filed within thirty days after the defendant receives the initial pleading; or, second, if the case stated by the initial pleading is *not* removable, then notice of removal must be filed within thirty days from the receipt of "other paper" from which the defendant could ascertain that the case is removable. *See Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992). The timing rules of removal are mandatory and must be strictly construed. *See Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1049 (11th Cir. 2001) (noting that the "rules governing removal . . . must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction").

Here, the Toyota Motor Defendants contend that the Dealership was "fraudulently" joined in that "there is no possibility Plaintiff could establish a viable cause of action against South Dade Toyota."[1] (Defs.' Not. of Removal ¶ 26, ECF 1, 7.) Since the Toyota Motor Defendants both acknowledge that they were served with Klahr's complaint well over thirty days prior to their filing of the notice of removal, they submit that the removal clock began to run upon their receipt of "other paper." According to the Toyota Motor Defendants, the triggering "other paper" was an email from Klahr's counsel informing that Klahr "no longer intended to dismiss [the Dealership] until discovery was conducted, and even thereafter . . . might still refuse to voluntarily dismiss [the Dealership]." (Defs.' Not. ¶ 12.) The Court does not find that the Toyota Motor Defendants have carried their burden of "proving to the court exactly when the thirty day time limit of 28 U.S.C. § 1446(b) began to run." *Clingan v. Celtic Life Ins. Co.*, 244 F. Supp. 2d 1298, 1302 (M.D. Ala. 2003).

To begin with, defense counsel informed Klahr's counsel, by email on September 6, 2016, that they believed the Dealership was not the entity that actually sold Klahr her vehicle. (Defs.' Not., Ex. E, 2–3.) In fact, as explained in the email, the Dealership had not been purchased by the named defendant

---

[1] Because this objective test does not turn on the plaintiff's motive in suing the nondiverse defendant, the doctrine could be better described as improvident—not fraudulent—joinder. *Chilton Private Bank v. Norsec-Cook, Inc.*, 99 B.R. 402, 403 (N.D. Ill. 1989); Charles Alan Wright et al., *Federal Practice and Procedure* vol. 14B, § 3723 (4th ed., West 2012) (concluding that while some courts have "disregarded this prescription of an objective analysis of the possibility of success [of the claim against the nondiverse defendant], and instead held that a bona fide, yet erroneous, belief on the part of the plaintiff than an action existed against the defendant precluded a finding of fraudulent joinder, . . . that approach has been out-of-favor for several years").

until two years after Klahr's purchase. (*Id.*) Consequently, as defense counsel advised Klahr, the Dealership was not a proper defendant. (*Id.* at Ex. F, 8.) The Defendants contend that Klahr's counsel, upon learning of this information unequivocally agreed, in a September 12, 2016 email, to dismiss the Dealership from the suit. (*Id.* at ¶ 8.) While the Court does not read Klahr's counsel's email this way, it will accept the Defendants' interpretation for the purposes of considering Klahr's motion to remand. The Defendants describe Klahr as thereafter wavering back and forth on dismissing the Dealership, until, according to the Defendants, on October 26, 2016, Klahr's counsel finally revealed Klahr's true intent: that she would not, in fact, dismiss the Dealership from the case. It was at this point, the Defendants argue, that the thirty-day removal clock began to run.

Klahr's counsel's October 26th email to defense counsel reads, in its entirety, as follows:

> I will prepare an amended complaint, however, I anticipate that we will have to conduct discovery regarding the sale of the dealership as well as the identity of the owner/operator of the dealership prior to a potential dismissal of [the named Dealership defendant]. I will work on an amended complaint and forward it to you and [co-counsel] prior to filing. At that point we should be in a better position to determine whether we can agree or not.

(*Id.* at Ex. F, 6.) The Toyota Motors Defendants base their removal on diversity and improvident joinder. The Court, however, is unable to divine anything from Klahr's counsel's email that would allow the Defendants to suddenly "ascertain[] that the case is one which is or has become removable" on these bases. 28 U.S.C. § 1446(b)(3). To the contrary, the record email correspondence submitted by the Defendants conclusively shows that the Defendants were aware as early as September 6, 2016, if not sooner, of the facts that led them to conclude that Klahr "cannot maintain any claim of any kind against [the Dealership], as it has no relationship whatsoever to the subject vehicle." (Defs.' Not. ¶ 21.) As the notice of removal was not filed until November 14, 2017, the Defendants have not even come close to carrying their burden of establishing that removal was timely.

Under 28 U.S.C. § 1447(c), upon remand, the Court may require a removing defendant to reimburse the plaintiff for fees and costs incurred as a result of the removal. Because the Court finds in this case that "the removing party lacked an objectively reasonable basis for seeking removal," it finds fees and costs properly awarded. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). While the Defendants focused much of their removal notice on whether or not Klahr had improvidently joined the Dealership, they gave short shrift to

showing that their notice was timely. They provided no explanation for their equating of Klahr's notice that she would not be dismissing the Dealership with "other paper" that, for the first time, revealed the removability of the case. The Court encourages the parties to reach an agreement regarding the reasonable fees and costs Klahr properly incurred as a result of the Defendants' improvident removal of this case. If such an agreement is not possible without Court intervention, however, Klahr must file a motion for fees and costs consistent with the requirements set forth in Local Rule 7.3.

In the meantime, Klahr's motion to remand (**ECF No. 9**) is **granted** and her request for leave to file an amended complaint is **denied as moot**. As discussed above, the Court finds Klahr is indeed entitled to fees and costs. Lastly, the Court **remands** this case to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Any pending motions are therefore **denied as moot**. The Clerk is directed to **close** this case and take all necessary steps to ensure prompt remand and the transfer of this file.

**Done and ordered**, at Miami, Florida, on April 19, 2017.

Robert N. Scola, Jr.
United States District Judge